UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE D. OECHSNER, III                    CIVIL ACTION

VERSUS                                     NO: 07-1436

HARTFORD FIRE INSURANCE                    SECTION: J(3)
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant, Hartford Fire Insurance Company's ("Hartford") **Motion for Summary Judgment (Rec. Doc. 14)**. Also before the Court is Hartford's **Motion for Leave to File Notice of New Authority (Rec. Doc. 19)** which this Court hereby grants. Hartford claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his Standard Flood Insurance Policy ("SFIP") because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds.

This motion, which is opposed, is set for hearing on January 9, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

## Background Facts

Hartford is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"), appearing in its fiduciary capacity as the fiscal agent of the United States. Hartford issued Plaintiff a Standard Flood Insurance Policy ("SFIP") under the NFIP.

Plaintiff's property was damaged during Hurricanes Katrina and Rita, during which times the SFIP was in effect. When Hartford refused to make any payments under the SFIP, Plaintiff filed suit on March 26, 2007.

## The Parties' Arguments

Hartford claims that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to his SFIP because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds. In light of three binding and controlling Fifth Circuit precedents, the Appropriations, Supremacy, and Commerce Clauses of the U.S. Constitution, and the Separation of Powers Doctrine, Plaintiff is prohibited from recovering any funds. In addition, Plaintiff's state-law-based extra-contractual claims are likewise subject to dismissal as they are preempted by federal law and precedent.

Hartford argues that Plaintiff failed to support his claim for federal benefits by submitting a signed and sworn Proof of Loss at any time, much less within the one year extension granted

by FEMA shortly after Hurricane Katrina.[1]  Hartford cites Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998), Gowland v. Aetna, 143 F.3d 951 (5th Cir. 1998), and Wright v. Allstate, 415 F.3d 384 (5th Cir. 2005) for the proposition that this failure to submit a timely Proof of Loss means that no benefits are payable under Plaintiff's SFIP.  Furthermore, FEMA's Waiver of the Proof of Loss Requirement in the SFIP was not a "complete" waiver of the Proof of Loss requirements.  See, e.g., Bentley v. Metropolitan Property and Casualty Ins. Co., No. 06-4799 (E.D. La. Apr. 26, 2007).  All this decision by FEMA does is dispense with the Proof of Loss requirement where the insured is in agreement with the figure determined to be payable by the independent adjuster assigned by the WYO carrier.  Therefore, by failing to comply with the Proof of Loss requirement and the documentation requirement of Article VII(J) of the SFIP, any recovery by Plaintiff is precluded pursuant to Article VII(R) of the SFIP.[2]

In opposition, Plaintiff states that he did submit sufficient proof of loss.  Following Hurricane Katrina, but prior to Hurricane Rita, Plaintiff contacted a number of contractors to

---

[1] Generally, SFIP policies require an insured asserting a claim to file a Proof of Loss within 60 days, stating the amount claimed under the policy.  SFIP, ¶ VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a Proof of Loss prior to receiving insurance proceeds.  See Defendant's exh. A.

[2] Article VII(R) provides in pertinent part: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."

3

provide estimates to repair the flood damage to the dwelling. These estimates were included with the documentation of the loss submitted to Hartford by Plaintiff's hired adjuster, Mr. Breaux,[3] on October 31, 2006.[4]  These estimates, along with the other documentation submitted, satisfies the proof of loss requirements under the SFIP as set forth in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4).  Furthermore, Hartford fails to explain why the Proof of Loss submitted was inadequate.  As such, there are genuine issues of material fact regarding the proof of loss that cannot be resolved on summary judgment.

Plaintiff goes on to state that strict compliance with the proof of loss requirement is not necessary where adequate information has been submitted to support the loss.  See, e.g., Robin v. Fidelity National Property and Casualty Inc. Co., No. 06-5242 (E.D. La. March 14, 2007) (refusing to enter summary judgment in favor of the insurer on the basis that material issues existed as to whether plaintiffs had filed a proper proof

---

[3] Plaintiff hired Mr. Breaux in response to Mr. Queen's adjustment of the loss.

[4] The documentation submitted to Hartford included, according to Plaintiff, a written statement by Plaintiff setting forth the basis of the loss along with supporting documentation necessary to establish both the nature of the loss and the amount of the claim.  This documentation included:  (1) Plaintiff's letter/affidavit regarding the loss; (2) four estimates from contractors who visited the dwelling after Hurricane Katrina prior to the demolition of the dwelling; (3) the wind damage appraisal by Plaintiff's homeowner's carrier, prepared after Hurricane Rita but prior to the demolition of the dwelling; and (4) seventeen digital color photographs showing wind and flood damage.

of loss); see also Copeland v. FEMA, No. 03-2704 (E.D. La. Feb. 18, 2004) (denying summary judgment in favor of the insurer where the plaintiff had "provided at least enough information for FEMA to evaluate the merits of the claim").

### Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

### Discussion

Under FEMA regulations, strict adherence is required to all terms of the SFIP. 44 C.F.R. §§ 61.13(a), (d), (e). The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3). Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir.

1998).

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of the loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim. Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy." Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy. Id. As a result, the Court

affirmed the grant of the insurer's motion for summary judgment.

More recently, however, in <u>Copeland v. FEMA</u>, this Court refused to grant summary judgment to a defendant insurer when the issue before the Court was plaintiff's failure to submit adequate proofs of loss.  This Court reasoned that where plaintiff had "provided at least enough information for FEMA to evaluate the merits of the claim," the proof of loss was adequate.

The documentation submitted to Hartford by Plaintiff through Plaintiff's hired adjuster included a written statement by Plaintiff setting forth the basis of the loss along with supporting documentation, including contractor's estimates, that very well may have been sufficient to establish both the nature of the loss and the amount of the claim.  Therefore, summary judgment in favor of Hartford should be denied as there exists a genuine issue of material fact as to whether this information was in fact enough for FEMA to evaluate the merits of the claim.  See also <u>Robin</u>,(refusing to enter summary judgment in favor of the insurer on the basis that material issues existed as to whether plaintiffs had filed a proper proof of loss).  Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 14)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Unopposed Motion to Modify This Court's August 2, 2007 Order to Allow the Hearing on Defendant's Motion for Summary Judgment to be Rescheduled for January 23, 2008 and to Reschedule Hearing on Defendant's Motion**

for January 23, 2008 or, Alternatively, **Motion to Extend Plaintiff's Deadline to File an Opposition to Defendant's Motion for Summary Judgment (Rec. Doc. 16)** is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Expedited Consideration (Rec. Doc. 17)** is hereby **DENIED** as moot.

**IT IS ORDERED** that Defendant's **Motion for Leave to File Notice of New Authority (Rec. Doc. 19)** is hereby **GRANTED.**

New Orleans, Louisiana, this 7th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE